UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
VALLEY FORD TRUCK, INC. :
: CASE NO. 1:10-CV-02170
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 23]
THE PHOENIX INSURANCE :
COMPANY :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this insurance contract dispute, Valley Ford Truck, Inc. ("Valley Ford") files suit seeking declaratory judgment under 28 U.S.C. §§ 2201 & 2202 declaring that Defendant Phoenix Insurance Company ("Phoenix") must provide defense and indemnification under Ohio Revised Code § 2721.03 in an underlying Ohio state action (Count 1). [Doc. 16 at ¶¶ 18-20.] Valley Ford also asserts claims of breach of contract and bad faith (Counts 2 & 3). [Id. at ¶¶ 21-32.]

Defendant Phoenix now moves under Federal Rule of Civil Procedure 42(b) and Ohio Revised Code § 2315.21 for (1) an order bifurcating the Plaintiff's bad faith claim (Count 3) from the remainder of the action and (2) for an order staying all discovery related to the bad faith claim. [Doc. 23.] Plaintiff Valley Ford opposes the motion. [Doc. 25.] Defendant Phoenix says that the Court should bifurcate the bad faith claim and stay all discovery related that claim because it will be "prejudiced if the Bad Faith claim is permitted to proceed simultaneously with the Declaratory

-1-

Case No. 1:10-CV-02170
Gwin, J.

Judgment and Breach of Contract claims . . . [since] permitting the Bad Faith and Declaratory Judgment/Breach of Contract claims to proceed simultaneously will require Phoenix to prematurely divulge protected and privileged materials." [Doc. 23-1 at 2.] Defendant Phoenix also says that the bad faith claim should be bifurcated because O.R.C. § 2315.21 provides that "[i]n a tort action that is tried to a jury in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages . . . the trial of the tort action shall be bifurcated . . ." O.R.C. § 2315.21(B)(1).

As a preliminary matter, the Court rejects the Defendant's argument that Ohio Revised Code § 2315.21(B)(1) mandates bifurcating and staying the bad faith claim. In determining whether to bifurcate a suit and order separate trials, state law is not controlling, even in diversity suits, because Federal Rule of Procedure 42(b) is a valid regulation of procedure. *See Moss v. Associated Transport, Inc.*, 344 F.2d 23, 27 (6th Cir. 1965). Accordingly, the Court finds that Ohio state law is entirely irrelevant on the current issue and now proceeds to determine whether bifurcation is appropriate under the Federal Rules.

Rule 42 of the Federal Rules of Civil Procedure authorizes a court to "bifurcate a trial 'in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting Fed. R. Civ. P. 42(b)). The principal purpose of Rule 42(b) "is to enable the trial judge to dispose of a case in a way that advances judicial efficiency and is fair to the parties." *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir. 1988). The party moving for bifurcation bears the burden of demonstrating that concerns of judicial economy and prejudice weigh in favor of granting the motion. *Ferro Corp. v. Cont'l Cas. Co.*, 2008 WL 5705575, at *2-4 (N.D. Ohio Jan. 7, 2008); *Real v. Bunn-O-Matic*

Case No. 1:10-CV-02170
Gwin, J.

*Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000). The ultimate decision to grant or deny bifurcation is left to the sound discretion of the trial court and a decision ordering bifurcation should be grounded in the facts and circumstances of each case. *Saxion v. Titan-C-Mfg, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

First, the Court finds that bifurcation of the bad faith claim from the remainder of the suit will not expedite the resolution of this matter. Rather, bifurcation likely will be wasteful and will delay resolution of this case. Bifurcation might prove economical should Phoenix win on the contract issue, but if it does not, then the Court is faced with two rounds of dispositive briefing, two phases of discovery, and potentially, two trials. Therefore, the Court finds that judicial economy weighs heavily against bifurcation.

Similarly, the Court is not persuaded that simultaneous discovery on all of the claims asserted will unfairly prejudice Defendant Phoenix. Beyond baldly asserting that divulging privileged materials will result in unfair prejudice – privileged materials that the Plaintiff has a right to discover under Ohio substantive law – Phoenix does not explain how it will be prejudiced by allowing the bad faith claim to proceed at the same time as the rest of the suit. *See Boone v. Vanliner*, 744 N.E.2d 154, 154 (Ohio 2001). Since Phoenix is required to divulge the privileged materials relevant to this suit, it needs to explain how discovery of those materials *now* would result in unfair prejudice. Phoenix offers no explanation and fails to carry its burden. *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 361-62 (8th Cir. 2000) (affirming denial of motion to bifurcate bad faith claim because insurer "has not shown that [the insured's] access to its claim files prejudiced its case"); *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, 2008 WL 4823069, at *2-4 (S.D. Ohio Nov. 3, 2008) (denying motion to bifurcate where plaintiff failed to demonstrate that it would be unfairly prejudiced by producing

Case No. 1:10-CV-02170
Gwin, J.

documents and proceeding with all claims at once, including bad faith); *Nathanson v. Aetna Cas. & Sur. Co.*, 2001 U.S. Dist. LEXIS 18248 (E.D. Pa. Nov. 7, 2001) (denying insurer's motion to bifurcate bad faith claim from contract claim); *Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 212 (S.D. W. Va. 1998) (refusing to bifurcate bad faith claim from coverage claim).  If Defendant believes some particular and identifiable evidence that is otherwise subject to discovery should be protected, Defendant can move for a protection as to those idenified articles of evidence.

Because the Defendant fails to carry its burden of showing how bifurcation would encourage expeditious resolution of this case or that unfair prejudice will result should all of the claims proceed together, the Court **DENIES** the Defendants' motion to bifurcate.

IT IS SO ORDERED.


Dated: March 7, 2011                             s/     *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE